```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

|   |   |
|---|---|
| KRYSTAL WASHINGTON | : |
|  | : |
| v. | : Civil Action No. DKC 2005-3123 |
|  | : |
| OTIS ELEVATOR CO., et al. | : |
|  | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution are two unopposed motions for summary judgment.[1]  For the following reasons, the motions will be granted.

**I. Background**

The complaint of Plaintiff Krystal Washington, on behalf of Jy'aire Canada, alleges negligence against Otis Elevator Company and Value City Department Stores arising from a fall at the Value City store in Landover.  The complaint recites that, upon exiting the elevator, Plaintiff Canada fell through an elevator door located inside of the elevator and fell two stories.

Defendants assert that Plaintiff has not identified the nature and extent of any duty owed, have not produced evidence of who owned the elevator, or who was responsible for the elevator. Particularly, they assert that Plaintiff must produce an expert in order to substantiate a negligence claim involving the operation of an elevator.  During discovery, Plaintiff was supposed to produce

---

[1] Despite being granted an extension of time, Plaintiff has not responded to either motion.

a report prepared by Dr. C. Stephen Carr, PhD., and to make him available for deposition, but has not done so, despite repeated extensions of time.

**II.  Standard of Review**

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979).  The moving party bears the burden of showing that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law.  *See* Fed.R.Civ.P. 56(c); *Catawba Indian Tribe of S.C. v. South Carolina*, 978 F.2d 1334, 1339 (4th Cir. 1992), *cert. denied*, 507 U.S. 972 (1993).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion.  *See United States v. Diebold*, 369 U.S. 654, 655 (1962); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592,

595 (4th Cir. 1985).  A party who bears the burden of proof on a particular claim must factually support each element of his or her claim.  "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323.  Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence in order to show the existence of a genuine issue for trial.  *See Anderson*, 477 U.S. at 256; *Celotex Corp.*, 477 U.S. at 324.  However, "[a] mere scintilla of evidence in support of the nonmovant's position will not defeat a motion for summary judgment." *Detrick v. Panalpina, Inc.*, 108 F.3d 529, 536 (4th Cir.), *cert. denied*, 522 U.S. 810 (1997).  There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

**III.  Analysis**

When a case involves the mechanical operation of an elevator, expert testimony is likely necessary to establish a prima facie case of negligence.  *See, e.g., Dover Elevator Co. v. Swann*, 334 Md. 231, 256, 638 A.2d 762, 774 (Md. 1994)("This case involved the complicated inner workings of elevator number two's machinery which were outside the scope of the average layperson's common

3

understanding and knowledge, and expert testimony was a necessary element of the plaintiff's case.") Here, while Plaintiff promised to provide a report and to make an expert available for deposition, she has not done so or otherwise produced evidence that such an opinion exists in this case.

Nor has Plaintiff come forward with evidence to support any other aspect of the claims against either defendant. As recited above, when a motion for summary judgment is filed by a party that will not have the burden of proof at trial, the opposing party must come forward with evidence, such as an affidavit, in order to show the existence of a genuine issue for trial. Plaintiff has not done so here and summary judgment will be entered in favor of Defendants.

                                    /s/
                            DEBORAH K. CHASANOW
                            United States District Judge